Merrimack, ⎱
Dec. 1, 1931. ⎰

RAYMOND V. LYBOLT *v.* W. H. HINMAN, INC.

*David F. Dudley* (by brief and orally), for the plaintiff.

*Warren, Howe & Wilson* and *Robert P. Bingham* (*Mr. Bingham* orally), for the defendant.

PEASLEE, C. J.  In order to establish a claim under the workmen's compensation act it is necessary that three elements be proved.  The injury must be accidental (*Guay* v. *Company*, 83 N. H. 392), it must arise out of the employment and it must occur in the course of that employment.  P. L., c. 178, s. 4.  Assuming that the first two elements were shown in this case, the plaintiff fails as to the third.  The incident relied upon as an accident was a cerebral hemorrhage, and it occurred several hours after the plaintiff had completed his day's work and while he was about his personal business.

The provisions that the disability complained of must have arisen through accident and in the course of the employment are common

to many statutes of this class; and the decisions thereunder are unanimous to the effect that the accident must have occurred in the course of the employment. If it happens at another time and place, it is not compensable under such an act, even though it be shown that the employment was the cause of the misfortune. Out of the employment is not an equivalent for in the course of the employment.

"There must be a conjunction of the two requirements, 'in the course of the employment' and 'out of the employment' to permit compensation. The former relates to the time, place and circumstance of the accident, while the latter refers to the origin and cause of the accident." *Stakonis* v. *Company*, 110 Conn. 384.

Local cases are in harmony with the foregoing. In *Boody* v. *Company*, 77 N. H. 208, the issue, whether the decedent was in the course of his employment when accidentally drowned, was treated as vital in a proceeding under section two of the original act. (Laws 1911, c. 163, s. 2). It was held that there might be a recovery, since "it can be found that he was killed 'by accident arising ... in the course of the employment'." *Ib.* 214. It was also said that the test "to determine whether the employee was injured by accident arising in the course of the employment" is to inquire whether he "was acting within the scope of his employment when he was injured." *Ib.* 213.

The subject received consideration in another case involving liability under the same section, and it was there said: "The succeeding section (*s.* 3) [now *s.* 4] provides for compensation by an employer who has accepted the act to employees who also accept it for 'any injury arising out of and in the course of their employment.' This expression appears to be taken from the English act and has been the subject of numerous decisions, determining whether the servant is entitled to the compensation provided in the act. No such question has arisen here as yet, but elsewhere no construction has been given to the language which would extend the master's liability from what it would be at common law if negligence were shown. 'An injury is received "in the course of," the employment when it comes while the workman is doing the duty which he is employed to perform'. ... *McNichol's Case*, 215 Mass. 497, 498. See L. R. A. 1916 A. *pp.* 40, 232. Although these decisions strictly relate to the use of the language in granting compensation under section 3, their principle has been adopted here in the construction of section 2, designed to compel employers to adopt the act. *Boody* v. *Company*, 77 N. H. 208; *Wheeler* v. *Contoocook Mills*, 77 N. H. 551; *Barber* v. *Company*, 79 N. H. 311. But nothing has been found here or elsewhere which author-

izes such a construction of the phrase as would include within its terms an injury received while the servant was engaged in service he was not employed to perform, a service for himself, not reasonably incident to any service for his master." *Manning* v. *Railway*, 80 N. H. 404, 409, 410.

Argument has been advanced that an interpretation which makes the injury caused by the employment compensable when the breakdown occurs while the employee is about his work, and denies it if the casualty occurs when he is not, is unjust and irrational, and ignores the beneficent purposes of the act. If there were room for interpretation the argument would be entitled to consideration. But the specific language of the statute leaves no fair question as to its meaning. While it is construed liberally, a meaning contrary to its terms cannot be attributed to it. *Brown* v. *Company*, 82 N. H. 78, 79, and cases cited.

In answer to a like argument in an earlier case, it was pointed out that the statute was not designed to afford relief in all cases, but granted it to a class the limitations of which were fixed by certain physical data. The legislation was largely experimental, and the field covered is limited. *Guay* v. *Company*, 83 N. H. 392.

Cases from jurisdictions where injuries which cannot be classed as accidental are compensable are not in point here. The same may be said of decisions applying statutes which do not require that the accident occur in the course of the employment. It having been determined that our statute covers only accidental injuries (*Guay* v. *Company*, 83 N. H. 392) it follows that the fortuitous event must occur as designated in the act, that is, in the course of the employment. Such an accident has been made a *sine qua non* for recovery under the act.

The holding that a sudden breakdown of the workman is to be treated as an accident within the terms of the statute (*Guay* v. *Company*, *supra*) is not a sufficient premise from which to conclude that such casualties, if arising out of the employment, are compensable although not occurring in the course thereof. The legislature has not so provided.

Since the only event which could be classed as accidental happened to the plaintiff while he was not in the course of his employment, he is not entitled to compensation.

*Petition dismissed.*

All concurred.